**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,<br><br>    Plaintiff,<br><br>v.<br><br>JAMIE HERMAN AND JEFFREY HERMAN,<br><br>    Defendants. | CASE NO:<br><br><br>Jury Trial Demanded. |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff American Bankers Insurance Company of Florida ("Plaintiff" or "American Bankers"), by and through its undersigned counsel, hereby makes its Complaint for Declaratory Relief ("Complaint") brought against Defendants Jamie Herman and Jeffrey Herman (collectively, "Defendants") on authority of Rule 57 of the Federal Rules of Civil Procedure and the provisions of 28 U.S.C. §§ 2201 and 2202. Jurisdiction over the claims contained herein is invoked pursuant to U.S.C. §§ 1332 (a)(1) and (c) in that there is complete diversity of citizenship between Plaintiff and all Defendants and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. In support of this Complaint, American Bankers hereby requests this Court to declare as follows:

### INTRODUCTION

1.     American Bankers seeks a declaratory judgment and adjudication concerning the rights, obligations, and liabilities of the parties under a certain policy of insurance issued by American Bankers to Defendant Jamie Herman ("Jamie Herman"), with respect to the action styled *Jeffrey Herman v. Jamie Herman*, Case No. 25SL-CC07876, currently pending in the Circuit Court of St. Louis County, Missouri (the "Underlying Action"). American Bankers seeks a judicial

1

declaration that it does not owe a duty to defend Jamie Herman in the Underlying Action, nor does it owe a duty to indemnify Jamie Herman against any liability she incurs to the Plaintiff in the Underlying Action, Jeffrey Herman ("Jeffrey Herman"), or any other party in the action as a result of settlement or judgment.

**THE PARTIES**

2.      American Bankers is a Florida Corporation with its principal place of business in Miami, Florida.  At all times relevant to this Complaint, American Bankers is and has been authorized to transact the business of insurance and does transact the business of insurance in the State of Missouri.

3.      Defendant Jamie Herman is a resident and citizen of St. Louis County, Missouri and presently intends to remain there.  Accordingly, for purposes of subject matter jurisdiction, Defendant Jamie Herman is domiciled in, and therefore a citizen of, the State of Missouri.

4.      Defendant Jeffrey Herman is a resident and citizen of St. Louis County, Missouri and presently intends to remain there.  Accordingly, for purposes of subject matter jurisdiction, Defendant Jeffrey Herman is domiciled in, and therefore a citizen of, the State of Missouri.

**JURISDICTION AND VENUE**

5.      Jurisdiction over the claims contained herein is invoked pursuant to 28 U.S.C. § 1332(a)(1) and (c) in that there is complete diversity of citizenship between the Plaintiff and all Defendants, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6.      The limit of liability of the relevant insurance policy is $100,000.  In addition, the damages sought by Jeffrey Herman in the Underlying Action, together with the defense costs and attorney's fees American Bankers would incur if a defense were provided to Jamie Herman in the Underlying Action, exceed $75,000, exclusive of interests and costs. For example, Jeffrey Herman alleges that, Jamie Herman allegedly "publicly shared information about Plaintiff that she knows he intended to remain private," such as "Plaintiff's medical records, attempting to shame him and

establish him as a sexual predator in the eyes of family members and the public". He alleges that Jamie Herman allegedly published this information "for the purpose of shaming, humiliating, degrading Plaintiff, as well as ostracizing him from social circles, negatively impacting his employment, and alienating him from his children and family". He also alleges that he "has been harmed in the form of severe emotional distress that resulted in bodily harm, including chest pains, high blood pressure, lightheadedness, dizziness, and fatigue."  Accordingly, the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

7.      This action properly lies in the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b)(2) because the underlying action for which American Bankers seeks a declaration concerning the duty to defend and indemnify is taking place in the courts of St. Louis County, Missouri.

**FACTUAL BACKGROUND**

A.      **The Policy**

8.      American Bankers issued a renters insurance policy, Policy number REN 4774392, effective from August 1, 2024 to August 1, 2025, to Jamie Herman (the "Policy").  A true and correct copy of the Policy is attached hereto as **Exhibit 1**.

9.      The Policy contains the following relevant provisions:

**SECTION II – LIABILITY COVERAGES**

**COVERAGE E – Personal Liability**

If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence to which this coverage applies, we will:

**1.** Pay up to our limit of liability for the damages for which the "insured" is legally liable; and

**2.** Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the "occurrence" equals our limit of liability.
…

3

**SECTION II – EXCLUSIONS**

**1. Coverage E – Personal Liability and Coverage F – Medical Payments to Others** do not apply to "bodily injury" or "property damage":

**a.** Which is expected or intended by an "insured"; even if the resulting "bodily injury" or "property damage" is of a different kind, degree or quality than initially expected or intended; or is sustained by a different person, entity, real or personal property;

…

**SECTIONS I AND II – CONDITIONS**

**1. Policy Period.** This policy applies only to loss in Section I or "bodily injury" or "property damage" in Section II, which occurs during the policy period.

…

**DEFINITIONS**

…

**1.** "Bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death that results.

**3.** "Insured" means you and residents of your household who are:
    **a.** Your relatives; or
    **b.** Other persons under the age of 21 and in the care of any person named above.

…

**6.** "Occurrence" means an accident, including continuous or repeated exposure to the same general harmful conditions, which results, during the policy period, in:
    **a.** "Bodily injury"; or
    **b.** "Property damage".

**7.** "Property damage" means physical injury to, destruction of, or loss of use of tangible property.

10. The Policy also contains the following relevant provisions in the Missouri Mandatory Amendatory Endorsement:

4

**SECTION II – EXCLUSIONS**

The following exclusion is added:

…

**g.** Personal injury of any sort, including but not limited to psychological or emotional injury, or injury to reputation.
…

**DEFINITIONS**

**12.** "Personal Injury" means injury, other than "bodily injury", arising out of one or more of the following acts: …
> **d.** Oral or written publication of material that slanders or libels a person or organization;
> **e.** Oral or written publication of material that violates a person's right of privacy.

B.      **The Underlying Action**

11.    On July 18, 2025, Jeffrey Herman filed a Petition against Jamie Herman in the Underlying Action, asserting purported causes of action for unreasonable publicity given to another's private life, false light, defamation, and intentional infliction of emotional distress.

12.    A true and correct copy of Jeffrey Herman's petition in the Underlying Action is attached as **Exhibit 2** ("Underlying Petition").

13.    According to the Underlying Petition, Jamie Herman and Jeffrey Herman "were married on September 25, 2010" and "became estranged and separated on or about November 10, 2023."

14.    Jeffrey Herman alleges that, "[s]ince their separation in November 2023, Defendant has publicly shared information about Plaintiff that she knows he intended to remain private," such as "Plaintiff's medical records, attempting to shame him and establish him as a sexual predator in the eyes of family members and the public."

15.    Jeffrey Herman further alleges that, since November of 2023, Jamie Herman has published statements about Jeffrey Herman which she "knew … were false or acted with reckless

disregard as to the truth of the information with the goal of shaming and humiliating" him.

16.  Jamie Herman allegedly published the information at issue "via text messages, e-mails, and verbal conversations, as well as on the Internet via Facebook, Instagram, and other social media platforms."

17.  Jeffrey Herman alleges Jamie Herman published the information "for the purpose of shaming, humiliating, degrading Plaintiff, as well as ostracizing him from social circles, negatively impacting his employment, and alienating him from his children and family."

18.  Jeffrey Herman alleges that, as a result, he "has been harmed in the form of severe emotional distress that resulted in bodily harm, including chest pains, high blood pressure, lightheadedness, dizziness, and fatigue."

19.  Jeffrey Herman seeks compensatory damages, injunctive relief, attorney's fees, and cost of suit.

**C.  Jamie Herman's Request for Coverage Under the Policy**

20.  On July 25, 2025, Jamie Herman submitted a claim to American Bankers, seeking coverage under the Policy for the various claims asserted against her in the Underlying Action.

21.  This action is ripe for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure as authorized by 28 U.S.C. § 2201.  An actual controversy exists between American Bankers and Defendants regarding Jamie Herman's claim for coverage under the Policy. A final ruling by this Court will determine the rights and obligations of the parties and will settle the controversy between them as to these insurance coverage issues.

22.  Accordingly, American Bankers requests that this Court declare the relative rights, duties, and obligations of the parties to this action under the Policy.

23.  American Bankers requests that the Court declare that American Bankers has no obligation to provide coverage to Jamie Herman under the Policy for the Underlying Action, including that American Bankers does not have a duty to defend or indemnify Jamie Herman against Jeffrey Herman's claims against Jamie Herman in the Underlying Action, for the reasons

6

identified below.

## FIRST CAUSE OF ACTION

(Declaratory Judgment)

24.    Plaintiff hereby incorporates by reference paragraphs 1 through 23 inclusive, as if fully set forth herein.

25.    Jamie Herman tendered her defense and indemnity against the Underlying Action to American Bankers under the Policy.

26.    American Bankers does not have a duty to defend or indemnify Jamie Herman against the Underlying Action under the Policy because:

    a.    The Underlying Action does not allege damages because of "bodily injury";

    b.    The Underlying Action does not allege damages because of "property damage";

    c.    The Underlying Action does not allege damages because of "bodily injury" or "property damage" caused by an "occurrence";

    d.    The Policy excludes coverage for bodily injury "[w]hich is expected or intended by an 'insured'; even if the resulting 'bodily injury' … is of a different kind, degree, or quality than initially expected or intended"; and

    e.    The Policy's Missouri Mandatory Amendatory Endorsement excludes coverage for "Personal Injury of any sort, including but not limited to psychological or emotional injury, or injury to reputation" (the "Personal Injury Exclusion").

27.    An actual controversy exists between American Bankers and the Defendants concerning their respective rights under the Policy, and therefore, there is a justiciable controversy that is ripe for determination by declaratory judgment.

28.    A declaratory judgment is both necessary and proper to determine the rights, obligations and liability that exist between American Bankers and the Defendants under the Policy with respect to the Underlying Action.

WHEREFORE, Plaintiff American Bankers Insurance Company of Florida prays that this Court enter judgment in its favor and declare the following:

a.     The Policy does not provide coverage for Jamie Herman against the Underlying Action;

b.     American Bankers does not have duty to defend Jamie Herman against the Underlying Action;

c.     American Bankers does not have duty to indemnify Jamie Herman against the Underlying Action; and

d.     Any other and further relief as this Court may deem just and proper under the circumstances.

Respectfully submitted, this ___ day of _____, 2025.

REICHARDT NOCE & YOUNG LLC

By: __/s/Michael L. Young_____
MICHAEL L. YOUNG            #52058
mly@rnylaw.com
12444 Powerscourt Drive
Suite 160
St. Louis, MO  63131
314/789-1199
314/754-9795 – Facsimile


**TITTMANN WEIX LLP**
Hope E. Williams, 812220(GA)
(*Pro Hac Vice Pending*)
Christina Roberto, 317139(CA)
(*Pro Hac Vice Pending*)
350 S. Grand Ave., Suite 1630
Los Angeles, CA 90071
Phone: (213) 797-0630
hwilliams@tittmannweix.com
croberto@tittmannweix.com

*Counsel for Plaintiff,*
AMERICAN BANKERS INSURANCE
COMPANY