UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:25-CV-1403-ZMB |
| JAMIE and JEFFREY HERMAN, | ) ) | |
| Defendants. | ) ) | |

## <u>MEMORANDUM AND ORDER</u>

Before the Court is Defendant Jeffrey Herman's (Jeffrey) Motion to Dismiss in light of a related state-court tort action. Doc. 14. Because Plaintiff American Bankers Insurance Company's claims regarding coverage are not at issue in any state-court proceeding and none of the relevant factors weigh in favor of abstention, the Court denies the motion to dismiss.

## BACKGROUND

In July 2025, Jeffrey filed an action against Defendant Jamie Herman (Jamie) in state court ("Underlying Action"), asserting claims of "unreasonable publicity given to another's private life, false light, defamation, and intentional infliction of emotional distress." Doc. 1 ¶¶ 1, 11. Relevant here, Jamie had a renters insurance policy with American Bankers. *Id.* ¶ 8. And after she was named in the Underlying Action, she submitted a claim for coverage in that case. *Id*. ¶ 20.

American Bankers filed this action against Jamie and Jeffrey in September 2025, seeking a declaratory judgment that it had no duty to defend or indemnify Jamie in the Underlying Action. *See* Doc. 1. American Bankers then intervened in the state case solely to request a stay, which was granted. *See Herman v. Herman,* No. 25SL-CC07876 (Mo. 21st Cir. Ct. Dec. 18, 2025). Jeffrey timely moved to dismiss this case due to the Underlying Action. Doc. 14. American Bankers opposed dismissal and also filed a joint stipulation with Jamie stating that she agreed to be bound by this Court's ruling. Docs. 15–16. Jeffrey did not file a reply, and the motion is ripe for review.

## LEGAL STANDARD

"Generally, a federal district court must exercise its jurisdiction over a claim unless there are exceptional circumstances for not doing so." *Lexington Ins. Co. v. Integrity Land Title Co.*, 721 F.3d 958, 967 (8th Cir. 2013). But under the Declaratory Judgment Act, a district court "*may* declare the rights and other legal relations of any interested party seeking [a] declaration." 28 U.S.C. § 2201(a) (emphasis added); *see EMCASCO Ins. Co. v. Walker*, 108 F.4th 634, 636 (8th Cir. 2024) (describing this provision as a "textual commitment to discretion"). As such, in declaratory judgment actions, district courts have discretion under the *Wilton/Brilhart* abstention doctrine to accept or decline jurisdiction, "even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Cincinnati Indem. Co. v. A&K Constr. Co.*, 542 F.3d 623, 625 (8th Cir. 2008).

A district court's discretion to abstain is broadest when there is "parallel" litigation pending in state court. *Arch Ins. Co. v. Parsons Transp. Grp.*, No. 4:19-CV-2718-SEP, 2020 WL 5642269, at *2 (E.D. Mo. Sept. 22, 2020). A state court proceeding is parallel if it presents "the same issues, not governed by federal law, between the same parties." *Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 793 (8th Cir. 2008). Even absent parallel litigation, district courts retain discretion to abstain, with the analysis guided by a six-factor test that the Eighth Circuit has adopted. *Scottsdale Ins. Co. v. Detco Indus.*, 426 F.3d 994, 999 (8th Cir. 2005). The factors include:

> (1) whether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations in issue; (2) whether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the federal proceeding; (3) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (4) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (5) whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law; and (6) whether the declaratory judgment action is being used merely as a device for procedural fencing.

*Id.* at 998 (quotations omitted).

2

**DISCUSSION**

Jeffrey's motion to dismiss is premised on the existence of a parallel proceeding in which American Bank's claim can be resolved. But unlike the abstention cases he cites, insurance coverage is not at issue in the Underlying Action (nor could it be addressed there given the stay of that case). Further, none of the *Scottsdale* factors suggest that this Court should decline to exercise its jurisdiction. Accordingly, abstention principles do not warrant either a stay or dismissal.

**I.      Parallel Proceedings**

Jeffrey argues that the Court should abstain from hearing this case because the Underlying Action is "a parallel state court proceeding with exclusively state law issues" in which all of the present parties are joined and the instant matter can be adjudicated. Doc. 14 ¶¶ 8–9; Doc. 13 at 3–4. In response, American Bankers asserts that these matters are not parallel because it is only a limited intervenor in the Underlying Action, and because the matters involve discrete legal issues—tort claims versus insurance coverage. Doc. 16 at 4–6. American Bankers is correct on both points.

"Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Scottsdale*, 426 F.3d at 997 (quotation omitted); *see also Lexington*, 721 F.3d at 968 ("State proceedings are parallel if they involve the same parties or if the same parties may be subject to the state action and if the state action is likely to fully and 'satisfactorily' resolve the dispute or uncertainty at the heart of the federal declaratory judgment action." (citation omitted)). For example, in *Scottsdale*, an insurer brought a declaratory judgment action seeking to define its coverage obligations with respect to multiple state-court suits stemming from an explosion and fire at a client's facility. 426 F.3d at 996. The Eighth Circuit held that the actions were not parallel because the state litigation "involve[d] issues regarding [] liability relating to the January 2005 fire and explosion at its facility, whereas the federal suit . . . involve[d] matters of insurance coverage."

3

*Id*. at 997. Although "the issues in each proceeding may depend on some of the same facts, that circumstance does not compel a conclusion that the suits are parallel." *Id*. Similarly, here, while there may be factual overlap between the cases, they are not parallel because the Underlying Action involves tort claims while the instant case centers on a insurance contract dispute.

Moreover, the Eighth Circuit has noted that "the key consideration for the district court is to ascertain whether the issues in controversy between the parties to the federal action can be better settled by the state court." *Evanston Ins. Co. v. Johns*, 530 F.3d 710, 713 (8th Cir. 2008) (quotation modified). Jeffrey did not sue or seek to join American Bankers in the underlying state action. Instead, American Bankers intervened in that case for the limited purpose of requesting a stay until this Court could adjudicate its pending declaratory judgment action. And now that the Underlying Action has been stayed, it is all but certain that the state court will not determine the parties' rights and responsibilities under the insurance policy—meaning that the claims of all parties in interest cannot satisfactorily be adjudicated. As such, this case and the state proceeding are not parallel.

## II.  *Scottsdale* Factors

Having determined that there is less discretion to abstain due to the lack of a parallel proceeding, the Court turns to the six-factor test from *Scottsdale* to see if abstention is nevertheless warranted. 426 F.3d at 998. While Jeffrey does not address these factors, American Bankers asserts that all of them weigh in favor of retaining jurisdiction. Doc. 16 at 10–11. Once again, Court agrees with American Bankers and finds no reason to abstain.

This declaratory judgment action will determine whether American Bankers must defend and indemnify Jamie in state court. As the company notes, resolution of that issue will serve a "useful purpose" and reduce uncertainty in the Underlying Action by clarifying the legal relations between the parties, thereby allowing them to proceed on surer footing. *See id.* at 11–12. Thus, the first and second factors go to American Bankers.

4

Similarly, there is no indication that entering a declaratory judgment here would implicate a strong state interest. The Eighth Circuit has held that abstention may be warranted where a declaratory judgment action seeks to answer a novel issue of state law or requires the district court to solve a split among state courts. *See Geico Cas. Co. v. Isaacson*, 932 F.3d 721, 725 (8th Cir. 2019) (collecting cases). But state courts have no special interest in "resolving routine contractual disputes." *Arch Ins. Co.*, 2020 WL 5642269, at *3 (E.D. Mo. Sept. 22, 2020); *see also Nautilus Ins. Co. v. World Wrecking & Scrap Salvage Servs.,* No. 4:20-CV-264-HEA, 2021 WL 1123027, at *8 (E.D. Mo. Mar. 24, 2021) ("Missouri has no special interest in resolving [a] contract dispute.").

Jeffrey emphasizes that the Missouri Supreme Court has directed insurers to seek declaratory relief in the same court as the tort action, and he urges dismissal on this basis. Doc. 13 at 4 (citing *McCrackin v. Mullen*, 701 S.W.3d 868 (Mo. banc 2024)). But while it is true that the Missouri Supreme Court encourages the filing of a declaratory action in the same state court as a related tort case, American Bankers is correct that guidance is advisory and not a firm requirement. *See McCrackin*, 701 S.W.3d at 877 n.11; *see also State Auto. Mut. Ins. Co. v. Farley*, 2025 WL 2308110, at *2 (W.D. Mo. Aug. 11, 2025) (finding that "the plain language [from *McCrackin*] is passive, asserting what might be considered a best practice compared to a mandatory obligation") (quotation modified). As such, the third factor is neutral, if not weighing slightly in favor of American Bankers.

The fourth factor cuts against abstention because there is no parallel state court proceeding, and Jeffrey has not identified any other reason why the coverage issue would be more efficiently resolved in state court. *See Scottsdale*, 426 F.3d at 999 ("[I]n the absence of a pending parallel state court proceeding, judicial economy would be best served by deciding this action initially in the federal district court."). Particularly considering that the Underlying Action is stayed, the state court cannot resolve the coverage issue at all, much less more efficiently than the federal court.

5

Under the fifth factor, there is no unnecessary entanglement when the state action is based in tort and the federal action in contract, as they are distinct questions of law. *Id*. Here, the obligation of an insurer to defend a lawsuit brought against its insured is determined by comparing the language of the insurance policy with the allegations in the complaint, regardless of the allegations' veracity. *McCormack Barron Mgmt. Servs. v. Am. Guarantee & Liab. Ins. Co.*, 989 S.W.2d 168, 170–71 (Mo. banc 1999). As such, assessing the scope of insurance coverage will not depend on any factual determinations made in the state court proceeding. Whether American Bankers has a duty to indemnify Jamie is a substantively different question from whether she is liable for the tort claims asserted against her in the Underlying Action. Accordingly, there would be no unnecessary entanglement should the instant action proceed in this Court.

Last, there appears to be no improper procedural fencing—that is, an attempt to "achieve a federal hearing in a case otherwise not removable." *Farley*, 2025 WL 2308110, at *6. Jeffrey does not suggest otherwise. As such, because there is no other pending litigation that will determine insurance coverage, there is no attempt at procedural fencing to try and manufacture jurisdiction in federal court. Accordingly, the sixth factor also goes to American Bankers.

In sum, none of the *Scottsdale* factors weigh in favor of abstaining from exercising federal jurisdiction over this case. As a result, this Court will continue to do so.

### CONCLUSION

Accordingly, the Court **DENIES** Defendant Jeffrey Herman's [14] Motion to Dismiss Case.

So ordered this 25th day of June 2026.

_____
ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE

6